UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEAN K. CONQUISTADOR,
    Plaintiff,

v.

CITY OF NEW BRITAIN, et al.
    Defendant.

No. 3:16-cv-839 (MPS)

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Defendant Officer David Cello ("Cello") moves for summary judgment against plaintiff Jean K. Conquistador ("Conquistador") on Conquistador's claim for false arrest. For the reasons discussed below, Cello's motion for summary judgment is GRANTED (ECF No. 104), and the Court will grant summary judgment on Conquistador's remaining claim for unlawful search and seizure unless Conquistador shows within **21 days** why summary judgment should not be granted on that claim too.

**I.    Factual Background**

As a threshold matter, Conquistador has admitted the facts set forth in Cello's L.R. 56(a)1 statement, as Conquistador's belated opposition brief does not attach a L.R. 56(a)2 statement rebutting Cello's L.R. 56(a)1 Statement or specifically cite any record evidence as required by L.R. 56(a)3, but instead attaches Cello's two interrogatory responses and a police report as exhibits.[1] (ECF No. 113.) Accordingly, because Conquistador has not submitted any evidence to raise a genuine dispute about the facts set forth in Cello's L.R. 56(a)1 statement, and because those

---

[1] "Fed.R.Civ.P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute." *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002). Nonetheless, even affording Conquistador special solicitude as a *pro se* litigant and considering the interrogatory responses and police report he submitted, the Court finds that Conquistador's evidence does not contradict <u>any</u> of the material facts set forth in Cello's L.R. 56(a)1 Statement.

facts are adequately supported by the exhibits attached to Cello's motion, they are deemed admitted. *See* D. Conn. L.R. 56(a)1; *Miron v. Town of Stratford*, 976 F. Supp. 2d 120, 127 (D. Conn. 2013) ("Where a party fails to appropriately deny material facts set forth in the moving party's 56(a)1 statement, and where those facts are supported by evidence in the record, those facts are deemed to be admitted."). The following facts adopted from Cello's Local Rule 56(a)1 Statement and exhibits are therefore undisputed. (ECF No. 104-2, Defendant's Local Rule 56(a)(1) Statement ("Def.'s L.R. 56(a)1 Stmt.").)

On January 11, 2016, the plaintiff, Jean K. Conquistador, called for a cab service and was picked up at 12:35 p.m. at 116 Ashley Street in Hartford, Connecticut. (Def.'s L.R. 56(a)1 Stmt. ¶ 1; ECF No. 104-3, Deposition of Jean K. Conquistador Transcript ("Conquistador Dep. Tr.") 81:9-16, 84:18-85:4.) The cab took Conquistador to TD Bank in Bridgeport, Connecticut, where he remained for about five minutes. (Def.'s L.R. 56(a)1 Stmt. ¶ 2; Conquistador Dep. Tr. 85:5-8, 86:5-22.) Conquistador was then taken to TD Bank in Hartford, where he remained in the cab, and made some phone calls, for about five minutes. (Def.'s L.R. 56(a)1 Stmt. ¶ 3; Conquistador Dep. Tr. 86:23-87:13.) Conquistador was next taken to Boost Mobile on West Main Street in New Britain, Connecticut, where he went into the store for a few minutes, and then returned to the cab. (Def.'s L.R. 56(a)1 Stmt. ¶ 4; Conquistador Dep. Tr. 87:14-17, 88:5-10.) Conquistador was next taken to 999 Asylum Street in Hartford, where he remained for about five minutes. (Def.'s L.R. 56(a)1 Stmt. ¶ 5; Conquistador Dep. Tr. 88:11-19.) Conquistador was then taken back to Boost Mobile on West Main Street in New Britain, where he remained for about five minutes. (Def.'s L.R. 56(a)1 Stmt. ¶ 6; Conquistador Dep. Tr. 88:23-89:3.) Conquistador then asked to be taken back to TD Bank in New Britain. (Def.'s L.R. 56(a)1 Stmt. ¶ 7; Conquistador Dep. Tr. 89:7-13.) At this point, the cab driver refused, and requested payment in the amount of $435.00. (Def.'s

L.R. 56(a)1 Stmt. ¶ 8; Conquistador Dep. Tr. 89:14-18; 91:4-16.) The cab driver told Conquistador to pay the fare or he would call the police. (Def.'s L.R. 56(a)1 Stmt. ¶ 9; Conquistador Dep. Tr. 89:17-18.) Conquistador refused to pay the requested amount, and did not pay the cab driver any cab fare. (Def.'s L.R. 56(a)1 Stmt. ¶ 10; Conquistador Dep. Tr. 92:1-9.)

Thereafter, both the cab driver and Conquistador called the New Britain Police. (Def.'s L.R. 56(a)1 Stmt. ¶ 11; Conquistador Dep. Tr. 90:19-23.) The cab driver informed the New Britain Police that Conquistador did not want to pay. (Def.'s L.R. 56(a)1 Stmt. ¶ 12; Conquistador Dep. Tr. 90:24-91:3.) New Britain Police Officer David Cello arrived on scene and spoke with Conquistador, who was still in the cab. (Def.'s L.R. 56(a)1 Stmt. ¶ 13; Conquistador Dep. Tr. 92:10-14, 93:9-14.) Conquistador told Cello that he had requested a cab service that day to drive him around. (Def.'s L.R. 56(a)1 Stmt. ¶ 14; Conquistador Dep. Tr. 93:15-17.) Conquistador also told Cello that he was not going to pay the requested cab fare. (Def.'s L.R. 56(a)1 Stmt. ¶ 15; Conquistador Dep. Tr. 93:15-17, 94:1-4.) Conquistador did not pay any cab fare that day. (Def.'s L.R. 56(a)1 Stmt. ¶ 16; Conquistador Dep. Tr. 94:5-11; *see also* ECF No. 113 at 2 (conceding same).) The cab driver, Dibekul Gebrhiwot, gave Cello a written sworn statement, wherein he stated:

> I got dispatched by yellow cab at 12:35 on this date to 116 Ashley Street in Hartford, CT. When I arrived I picked up Jean Conquistador. I drove him to 939 Main Street, Bridgeport, CT. I arrived in Bridgeport at about 2 pm. Jean went into the Bank, (TD Bank) and did not come out until 2:41 pm. Jean said to me that the bank could not cash his check because the amount was too large. Jean asked me to take him to a different bank. The bank was Peoples Bank and I noticed Peoples Bank had two doors and I was afraid he would go in one door and run out the other without paying me his cab fare. Jean next asked me to take him to a cash checking store which was also on Main Street in Bridgeport. I do not remember the name of the cash checking store. Jean asked me to drive to the TD Bank on the corner of Asylum Street and Trumbull St in Hartford and I did. Jean did not go inside the bank. I let him use my cell phone and he made about 10 calls and 4 of them were to the 411 service that will charge my phone extra money. Jean asked me to drive him to Boost Mobile on West Main in New Britain and I did. Jean came out of Boost Mobile and said to me he needed to drive back to Hartford, 999 Asylum Ave to get a letter notarized. I drove to 999

> Asylum Ave in Hartford and back to Boost Mobile on West Main Street in New Britain. At this point no money was exchanged. At this point I wanted to end business with Jean and have him pay the cab fare of $435.00 dollars (Four Hundred and thirty five dollars). Jean said he could not pay me the cab fare that he has no money. I was starting to head in the direction of 16 Ashley Street, Hartford, CT to bring Jean home. I contacted my dispatch and they contacted the police. I did not bring Jean back because I was afraid he would not pay me the cab fare. I stopped in New Brite Plaza near Payless Shoes in New Britain, CT and this is where the police met up with me and Jean who was in the back of my yellow cab CT registration T4848T. I did buy Jean something to eat at about 1730 hours from Mcdonalds. I do not want him to pay me back for Mcdonalds. I only want Jean to pay the full cab fare of $435.00 (Four Hundred and thirty five dollars).

(Def.'s L.R. 56(a)1 Stmt. ¶ 17; ECF No. 104-4, Statement of Dibekul Gebrhiwot ("Gebrhiwot Stmt.").)

Conquistador was arrested for Larceny in the 6th degree. (Def.'s L.R. 56(a)1 Stmt. ¶ 18; Conquistador Dep. Tr. 96:19-21.) Conquistador appeared in Court on March 31, 2016, and pled guilty to the charge of Larceny in the 6th degree. (Def.'s L.R. 56(a)1 Stmt. ¶ 19; Conquistador Dep. Tr. 96:19-97:22; ECF No. 104-5, March 31, 2016 Court Tr. at 2:1-22.) Conquistador's guilty plea has never been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. (Def.'s L.R. 56(a)1 Stmt. ¶ 20; Conquistador Dep. Tr. 98:6-17, 99:6-12.)

**II. Procedural History**

On May 31, 2016, Conquistador filed this lawsuit against the City of New Britain, the New Britain Police Department, New Britain Police Officer David Cello, New Britain Police Officer Farrell, Yellow Cab Company of Connecticut, and Dibekulu Gebrhiwo, the cab driver, alleging violations of his First, Fourth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. (ECF No. 1.) This Court's initial review order dismissed all of Conquistador's claims except his Fourth Amendment claim for false arrest and unlawful search and seizure against Officer Cello. (ECF No. 12 at 9, 10.) Nonetheless, the Court permitted Conquistador to file an amended

complaint with respect to his other claims, which Conquistador declined to do. (ECF No. 12 at 10; ECF No. 13.) Cello answered the complaint on June 6, 2017. (ECF No. 25.)

On September 12, 2018, Cello filed this motion for summary judgment. (ECF No. 104.) Conquistador did not file any opposition papers by the deadline to respond, October 12, 2018, but instead on October 29, 2018 filed a request for extension of time to file opposition papers. (ECF No. 106.) The Court granted an extension through November 29, 2018 for Conquistador to file a response, noting that the Court "will not further extend this deadline." (ECF No. 107.) Conquistador again failed to respond by this deadline. On December 3, 2018, Conquistador filed yet another motion for extension of time to respond. (ECF No. 110.) In accordance with its previous order, the Court denied the request for extension. (ECF No. 111.)

Nonetheless, on December 17, 2018, Conquistador filed a brief in opposition to Cello's summary judgment motion that restated many of the allegations in the complaint. (ECF No. 113.) In particular, Conquistador's opposition brief argues that he "was falsely arrested" because the "cab meter was never turned on during plaintiff's taxi ride," and that the incident was "more of a civil matter," but he concedes that he "did not pay the fare as it was excessive." (*Id.* at 1–2.)[2] Conquistador's opposition brief also asserts, without citation, that he has raised material disputed facts and asks to be held to a less stringent standard as a *pro se* litigant. (*Id.*) The following day, Cello filed a reply, arguing that Conquistador had admitted Cello's L.R. 56(a)1 statement and his status as a *pro se* litigant did not warrant excusing his failure to comply with the rules governing summary judgment. (ECF No. 114.)

---

[2] Such conclusory assertions are not evidence creating a material dispute of fact and in any event are irrelevant to Cello's argument below. *See Hooker v. Fournier*, 29 F. App'x 641, 643 (2d Cir. 2002) ("[M]ere conclusory allegations . . . in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist.") (citation omitted).

5

### III. Legal Standard

Summary judgment is appropriate only when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it might affect the outcome of the suit under governing law," and "an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal citations and quotation marks omitted). The moving party bears the burden "of showing that no genuine factual dispute exists . . ., and in assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences" in favor of the non-moving party. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995). *Pro se* litigants are afforded special solicitude to demonstrate a valid claim. *See Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994) (district court should afford *pro se* litigants "special solicitude before granting the [defendant's] motion for summary judgment"). Nonetheless, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Edmond v. Hartford Ins. Com.*, No. CIVA 3:98 CV1653 CFD, 2008 WL 616092, at *3 (D. Conn. Mar. 3, 2008) (citations omitted), *aff'd*, 344 F. App'x 688 (2d Cir. 2009).[3]

---

[3] In accordance with this Court's Local Rules, Cello's motion for summary judgment attached a notice to self-represented litigant that specifically denoted the requirements of Local Rule 56(a)2 and 3 and the potential consequences of Conquistador's failure to comply with them. (ECF No. 104-6 at 2–3.)

**IV. Discussion**

Cello moves for summary judgment on Conquistador's § 1983 claim for false arrest on four grounds: (1) Conquistador seeks to challenge his conviction, and thus his claim is barred by *Heck v. Humphrey*; (2) there was probable cause for Conquistador's arrest; (3) even if not, there was arguable probable cause for his arrest justifying qualified immunity; or (4) Conquistador pled guilty to his underlying criminal charges. (ECF No. 104-1 at 2–13.) The Court concludes that there was probable cause for Conquistador's arrest based on the undisputed evidence at the time of arrest and because Conquistador ultimately pled guilty to the charges. So Cello is entitled to summary judgment on Conquistador's false arrest claim.

"In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). "In Connecticut, a false arrest claim cannot lie when the challenged arrest was supported by probable cause." *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007) (citation omitted). Probable cause supported Conquistador's arrest for two independent reasons.

First, the undisputed record evidence shows that Officer Cello had probable cause to arrest Conquistador at the time of the incident. "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." *Id.* "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "When

7

information is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citation omitted).

Here, Cello had probable cause to arrest Conquistador for Larceny in the Sixth Degree based on the undisputed facts at the time of arrest. Larceny in the Sixth Degree with respect to theft of services is defined in relevant part under Connecticut law as when "with intent to obtain . . . taxi or any other public transportation service without payment of the lawful charge therefor or to avoid payment of the lawful charge for such transportation service which has been rendered to him, [a person] obtains such service or avoids payment therefor by force, intimidation, stealth, deception or mechanical tampering, or by unjustifiable failure or refusal to pay . . . .," and the value of the service is $500 or less. Conn. Gen. Stat. §§ 53a-125b(a), 53a-119(7)(B)(i).

The statement the cab driver provided to Officer Cello (ECF No. 113-1 at 12-13) – memorialized in a sworn declaration (ECF No. 104-4 at 1-2) – provides sufficient evidence of probable cause that Conquistador had committed Larceny in the Sixth Degree. The cab driver's statement indicates that he picked up Conquistador and drove him to at least 5 separate locations across Connecticut, but Conquistador refused to pay the required fare of $435 and failed to pay any amount. (*See* Gebrhiwot Stmt., ECF No. 104-4 at 1-2 ("When I arrived I picked up Jean Conquistador. I drove him to 939 Main Street, Bridgeport, CT. . . . Jean asked me to take him to a different bank . . . . Jean next asked me to take him to a cash checking store which was also on Main Street in Bridgeport. . . . Jean asked me to drive to the TD Bank on the corner of Asylum Street and Trumbull St in Hartford . . . . Jean asked me to drive him to Boost Mobile on West Main in New Britain and I did. . . . I wanted to end business with Jean and have him pay the cab fare of $435.00 dollars (Four Hundred and thirty five dollars). Jean said he could not pay me the cab fare

8

that he has no money.").) Because the cab driver was the putative victim and had personal knowledge of these events, and because Conquistador has given no reason to suggest that the driver's account is untrustworthy, the cab driver's statement to Officer Cello supplied probable cause for Conquistador's arrest.[4]

Second, Conquistador's guilty plea independently and conclusively shows probable cause. A guilty plea and conviction of the charge arising from the allegedly false arrest is conclusive proof of probable cause. *See Russo*, 479 F.3d at 204 n.9 (Second Circuit has stated that "a judgment of conviction [is] a defense to a claim of either malicious prosecution or false arrest . . . .") (emphasis removed); *see also Carey v. Maloney*, 480 F. Supp. 2d 548, 559 (D. Conn. 2007) ("Carey's guilty plea and subsequent conviction for breach of peace, a lesser offense based on the conduct for which he was arrested, is justly considered as conclusive evidence of probable cause.") (internal quotation marks and citations omitted). Conquistador pled guilty to the charge for which he was arrested—Larceny in the 6th degree. (Def.'s L.R. 56(a)1 Stmt. ¶¶ 18, 19; Conquistador Dep. Tr. 96:19-97:22; ECF No. 104-5, March 31, 2016 Court Tr. at 2:1-22.)[5] Neither Conquistador's opposition brief nor his exhibits contest this fact. (*See* ECF No. 113.)

---

[4] Even if the cab driver's statement were not enough, Conquistador's own undisputed admissions to Officer Cello at the time of the incident would independently support probable cause. (Def.'s L.R. 56(a)1 Stmt. ¶¶ 14–15 ("Conquistador told Cello that he requested a cab service that day to drive him around. . . . Conquistador also told Cello that he was not going to pay the requested cab fare.").)

[5] This same evidence also shows that the criminal charges did not terminate in Conquistador's favor, as is required to pursue a false arrest claim under Connecticut law. *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (reaffirming that "favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest" under Connecticut law) (internal citations and quotations omitted). Conquistador's guilty plea was unquestionably not a termination in favor of the accused. *See, e.g.*, *Torres v. Howell*, No. 3:03CV2227 MRK WIG, 2007 WL 2022046, at *2 (D. Conn. July 9, 2007) ("Proceedings are terminated in favor of the accused only when their final disposition is such as to indicate the accused is not guilty.") (citation and quotation marks omitted).

Accordingly, Conquistador's guilty plea is conclusive evidence that Cello had probable cause to make the arrest. Because he had probable cause, Cello is entitled to summary judgment on Conquistador's § 1983 claim for false arrest.

Nonetheless, Conquistador's complaint also stated another Fourth Amendment claim for unlawful search and seizure, as discussed in the Court's initial review order. (ECF No. 12 at 9 ("Plaintiff alleges that he was ordered out of the taxi, searched, and then arrested despite the fact that he was merely disputing an excessive fee for the taxi service . . . [T]his states a claim under the Fourth Amendment for false arrest *and unlawful search and seizure*.") (emphasis added).) Specifically, the complaint alleges that Cello searched Conquistador after ordering him outside of the yellow cab, that Conquistador asked Cello during the search "if it was [Conquistador] being a handsome and intelligent young man that bothered him," to which Cello allegedly replied, "shut the f*ck up! Now you're going to jail" and subsequently detained and arrested Conquistador. (ECF No. 1 at ¶¶ 14-18.) Cello's motion for summary judgment not does not expressly address the unlawful search and seizure claim. (*See* ECF No. 104-1.) However, in light of the Court's conclusion that Conquistador's arrest was supported by probable cause, it appears that Cello is entitled to summary judgment on the unlawful search and seizure claim as a search incident to a lawful arrest. *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) (upholding search of defendant's person as incident to arrest and noting that "[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."); *Brown v. County of Oneida*, No. CIV.A.96CV1641RSPDNH, 1998 WL 809010, at *6 (N.D.N.Y. Nov. 18, 1998) ("Because plaintiff fails to point to any disputed facts to defeat [the officer's] probable cause determination, the false arrest claim is dismissed. Because the arrest was lawful, the police search of plaintiff was

a lawful search incident to arrest."). Since notice is required under Fed. R. Civ. P. 56(f) before granting summary judgment on grounds not raised by the parties, the Court now gives notice that it will grant summary judgment to Cello on the unlawful search and seizure claim unless Conquistador shows cause **within 21 days** why summary judgment should not be granted on this claim. Cello may file a response to any filing by Conquistador **within 14 days of such filing**. Failure by Conquistador to respond to this order will result in entry of summary judgment on his remaining claim.

**V.    Conclusion**

For the foregoing reasons, Cello's motion for summary judgment is GRANTED as to the false arrest claim. In addition, consistent with Fed. R. Civ. P. 56(f), the Court will also grant summary judgment to Cello on Conquistador's claim for unlawful search and seizure unless Conquistador shows cause **within 21 days** why summary judgment should not be granted on this claim. Cello may file a response to Conquistador **within 14 days of such filing**. Absent a clear showing of good cause, the Court will not extend these deadlines.

IT IS SO ORDERED.

   /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          January 2, 2019